**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|                       |        |                              |
|-----------------------|--------|------------------------------|
| MICHAEL MALLOY        | *      | Civil Case No. AW-11-207     |
|                       | *      | Crim Case No. AW-06--0574    |
| v.                    | *      |                              |
|                       | *      |                              |
|                       | ****** |                              |
| UNITED STATES OF AMERICA |     |                              |

**MEMORANDUM OPINION**

**I**

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Michael Malloy for relief pursuant to 18 U.S.C. ' 2255. On December 18, 2006, a Federal Grand Jury for the District of Maryland indicted Petitioner for sexual exploitation of a minor in violation of 18 U.S.C. § 2251 (a). Petitioner initially signed a plea agreement and on September 17, 2007 (the day before the scheduled trial) Petitioner had actually entered a guilty plea to a criminal information charging Petitioner with possession of child pornography in exchange for the Government dismissing the greater offense of sexual exploitation and agreeing to recommend a sentence within the advisory sentencing guidelines. Following the Court's Rule 11 proceeding, the Court accepted Petitioner's plea, however, two hour later after Petitioner had determined that his pension would be jeopardy if he were to be convicted of this offense, the Court [as it had agreed during the Rule 11 proceeding] permitted Petitioner to withdraw his guilty plea and the matter proceeded to trial on the original indictment. On September 20, 2007, the jury convicted Petitioner of Sexual Exploitation of a Minor, and on January 9, 2008 the Court varied from the guideline sentence of 324 months to 360 months and sentenced Petitioner to the mandatory

minimum sentence of 180 months. (Judgment was entered on 1-10-08)  On March 28, 2009, the United States Court of Appeals for the Fourth Judicial Circuit affirmed Petitioner's conviction and sentence/judgment.

## II

The basic facts are essentially not in dispute.  In October of 2005, Aaron Burroughs, a junior varsity football coach at Bowie High School in Prince Georges County, Maryland, and a friend of the Petitioner brought S.G., a 14 year old girl to the Defendant's home where S.G. had sex with both men.  Defendant was a 33 year old United States Park Police.  According to the evidence, Petitioner thought S.G. looked young and asked Burroughs her age, whereupon Petitioner indicated that he was told that S.G. was a 19 year old Bowie State University student. Both men videotaped each other having sex with S.G. using a Sony camcorder which was later seized along with the videotape by FBI agents pursuant to a search warrant issued for Petitioner's home. Burroughs brought S.G. to Petitioner's house a second time for purposes of engaging in sex when S.G. was either 14 or had just turned 15.   Petitioner admitted to having sex with S.G on the two occasions at his home and to videotaping the sexual encounters with his Sony camcorder.  While Petitioner argued that in enacting the relevant child pornography crime Congress unconstitutionally exceeded its powers under the Commerce Clause, the gist of Petitioner's defense to the exploitation charge and which was to be asserted at trial surrounded Petitioner's claim of reasonable mistake of age defense.  Following a pre-trial motions hearing, the Court determined that the claim of reasonable mistake of age was irrelevant and, accordingly, precluded Petitioner from asserting the reasonable mistake of age defense at trial.

**III**

The present § 2255 Motion was timely filed by Petitioner on January 24, 2011. Petitioner presents three claims (all of which are grounded on ineffective assistance of counsel) in support of his Motion which he contends entitle him to relief. First, Petitioner asserts that his trial counsel rendered ineffective assistance of counsel during the pre-trial phase by having "utterly failed to recognize the significance and arguably overriding body of precedential case law establishing" that a defendant did not have available a mistake of age defense to the charge of exploitation, and as such counsel should have advised Petitioner that he has no choice but to plead guilty. Second, Petitioner argues that his counsel rendered ineffective assistance of counsel in the plea negotiation stage by failing to properly and reasonably assess the likelihood (or unlikelihood) of being able to successfully prevail on the mistake of age defense and, as a consequence, counsel failed to properly advise Petitioner of the reasonableness of the Government's plea offer. Finally, Petitioner posits that his counsel rendered ineffective of counsel by failing to file an interlocutory appeal after the court granted the Government's pretrial motion to preclude a mistake-of-age defense. The Government has responded to the Motion, Petitioner has filed his Reply and the matter (Motion) is now ripe for resolution.

**IV**

With respect to the claims by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel=s performance was

deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Id.

First, the Petitioner must show that counsel's representation "fell below an objective standard or reasonableness", as measured by prevailing professional norms. Id at 688. Courts should be deferential in this inquiry, and have "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id at 689. The Petitioner must, therefore, overcome the presumption that the representation "might be considered sound trial strategy." Second, Petitioner must demonstrate that counsel's inadequate performance prejudiced him. Id at 687. Here, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." In cases where a conviction has been the result of a trial, Petitioner must demonstrate that but for counsel's errors, there is a reasonable probability that he would not have been convicted. With these legal principles in mind, the Court now turns to Petitioner's claims.

With reference to Petitioners first two issues (ineffectiveness of counsel at the pretrial and the plea phases), Petitioner alleges that his counsel failed to recognize and appreciate the magnitude of Supreme Court law which [according to Petitioner] as a matter of law was unfavorable to a mistake of law defense. Because of counsel's lack of appreciation of the unlikelihood of the defense, Petitioner argues that counsel ineffectively failed to advise and convince Petitioner that he had no choice but to plead guilty, and further argues that counsel

4

failed to advise and convince Petitioner of the reasonableness of the Government's plea offer. Neither of these claims has merit. Preliminary, both Petitioner and his counsel were quite aware that the mistake of age defense was unavailable. The Court ruled during the pre-trial hearing that a claim of mistake of age was not relevant to the charge, and the Court, in fact, granted the Government's motion to preclude the defense. Petitioner's argument that counsel did not appreciate the state of the law nor did not appreciate the unavailability of the defense is simply devoid of merit.

Counsel for Petitioner did secure and signed off on a plea agreement which permitted Petitioner to pled guilty to a one-count criminal information charging him with possession of child pornography, in exchange for the Government dismissing the greater charge in the indictment and the Government recommending a sentence within the advisory sentencing guidelines of an adjusted offense level of 23 and a criminal history category of one [resulting in an advisory sentencing guideline range of 46-57 months]. Counsel well understood what was at stake and presented Petitioner with what appeared then and certainly now in retrospect to be a reasonable plea offer. Moreover, Petitioner's general claim that he rejected the plea offer upon the advice and with the support of counsel is essentially a bald allegation--bereft of any specifics. In fact, the transcript of the rule 11 plea hearing reflects that Petitioner was the driving force behind the decision to withdraw his plea. As the plea colloquy was winding down, and the Court advised Petitioner of possible civil loss of benefits (including pension benefits), it was Petitioner who expressed concern about loss of his pension and requested an opportunity to check into that issue. It was Petitioner who advised the Court two hours or so later that he wanted to withdraw his guilty plea and the Court then permitted Petitioner to do so. (See pages 15-17 and pg 31 of

5

the transcript)

With respect to the additional claim that counsel was ineffective in not filing an interlocutory appeal immediately following the Court's determination to preclude the reasonable mistake of age defense, the Court finds this claim to be unavailing. The Court does not believe that failure to file an interlocutory appeal was a dereliction in performance. Even if the Court determined that counsel's performance was deficient in not filing an interlocutory appeal, Petitioner sustained no resulting prejudice. Following the conviction and sentence, Petitioner filed an appeal and raised the issue of whether the Court erred in precluding the reasonable mistake of age defense. The conviction and judgment was affirmed on appeal and Petitioner did not prevail on his claim. Accordingly, contrary to Petitioner's argument that had counsel filed an interlocutory appeal the outcome of the trial would likely have been significantly different, the Court is compelled to conclude that no prejudice resulted from any claimed defect in performance.

Finally, Petitioner's general claim that his counsel was ineffective simply has no merit. Petitioner's counsel has a stellar national reputation and the record in this case does not reflect any deficiency in performance. From the Court's recall of this case as well having reviewed the record, the Court finds that counsel discharged his responsibilities. Counsel presented a spiritual challenge to the Government's motion to preclude the reasonable mistake of age defense. Counsel secured and recommended a reasonable plea to Petitioner and when that plea was withdrawn, counsel provided strong representation to Petitioner at trial. Counsel presented a compelling sentencing memorandum, submitted powerful letters from family and friends on behalf of Petitioner, and counsel called to the stand as witnesses during the sentencing hearing

family members and co-workers who gave strong character testimony in support of Petitioner. Finally, counsel successfully convinced this Court pursuant to 18 USC, § 3553 (a) and in light of *US v. Booker* to vary from the sentencing guideline range of 324--360 months and sentence Petitioner to the mandatory-minimum sentence of 180 months.

[Was there] Ineffective Assistance of Counsel? This court does not think so. Therefore, under the *Strickland* standard, the Court cannot find on this record that Petitioner's counsel committed any error or deficiencies nor can the Court conclude that as a result of any alleged error has Petitioner suffered any prejudice.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner=s motion pursuant to ' 2255 is DENIED.

## V

### A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253 (c) (1) "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id* at § 2253 (c) (2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Here the Court had concluded that Petitioner has failed to present a basis for this court to find

ineffective assistance of his trial counsel.  It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review.  Accordingly, the Court denies a Certificate of Appealability.

    A separate Order will be issued.


Date:  July 15, 2011                        _____/s/_____
                                                Alexander Williams, Jr.
                                                United States District Judge